IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MAIDA HENDERSON AND KEN STOLLER, M.D.,
as Co-Personal Representatives of the Estate of
GALEN STOLLER, a minor child, and MAIDA
HENDERSON, as mother of GALEN STOLLER,
deceased.

    Plaintiffs,

v.                              Civ. No. 08-CV 298 RLP/RHS

BURLINGTON NORTHERN SANTA FE CORPORATION
a/k/a BNSF, BOARD OF COUNTY COMMISSIONERS FOR
SAN MIGUEL COUNTY and SAN MIGUEL COUNTY, DOES I-X,

    Defendants.

MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court on the Board of County Commissioners for San Miguel County and San Miguel County's Motion for Summary Judgment (the County). For the reasons set forth below, the motion is granted.

In the afternoon of December 1, 2007, sixteen year old Galen Stoller died when the car he was driving was struck by an Amtrak train at a crossing in San Miguel County, New Mexico. The Complaint for Wrongful Death was filed in state court and removed to this Court on March 20, 2008. The Court has jurisdiction pursuant to 28 U.S.C. §§ 1441, 1442.[1]

Summary judgment is appropriate if the moving party shows "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P.56(c). An issue of fact is "genuine" if there is sufficient

---

[1] Defendant National Railroad Passenger Corporation d/b/a Amtrak, a governmental agency, was dismissed on October 29, 2008 [Doc. 67], and the Court retained jurisdiction.

evidence so that a rational trier of fact could find for the non-movant." *Simms v. Oklahoma ex rel. Dep't of Mental Health & Substance Abuse Servs.*, 165 F.3d 1321, 1326 (10th Cir.), *cert. denied*, 528 U.S. 815 (1999). "An issue of fact is 'material' if, under the substantive law, it is essential to the proper disposition of the claim." *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670 (10th Cir. 1998). The court examines the factual record and reasonable inferences therefrom in the light most favorable to the party opposing summary judgment. *Kaul v. Stephan*, 83 F.3d 1208, 1212 (10th Cir. 1996).

"In New Mexico, 'a negligence claim requires the existence of a duty from a defendant to a plaintiff, breach of that duty, which is typically based upon a standard of reasonable care, and the breach being a proximate cause and cause in fact of the plaintiff's damages.'" *Chavez v. Desert Eagle Distributing Co. of New Mexico*, 151 P.3d 77, 80 (N.M. Ct. App. 2006) (quoting *Herrera v. Quality Pontiac*, 73 P.3d 181 (N.M. 2003)), *cert. denied*, 152 P.3d 151 (2007). Whether a duty exists is a question of law for the court. *Herrera*, 73 P.3d at 48. Proximate cause may also be an issue of law "if no facts are presented that could allow a reasonable jury to find proximate cause." *Id.* at 57 (internal quotation marks and citation omitted). Such is the case here.

The Plaintiff's expert, Kenneth W. Heathington, Ph.D, P.E. (Dr. Heathington), personally visited the site on June 23, 2008. The subsequent report he issued in August, 2008, indicated that he could not determine whether or not there were sight restrictions at the crossing and that he lacked the data to support his conclusion that the crossing was dangerous. Doc. 93-7 at 3-6.[2]

---

[2] As detailed in this Court's earlier Memorandum Opinion and Order [Doc. 124], Dr. Heathington's Supplemental Report was stricken from the record. Despite that, the County

As Dr. Heathington concedes, he does not have the facts necessary to support his conclusion that the crossing was dangerous. He admits he did not even know whether there were sight restrictions at the stop sign. These conclusions do not support either an inference or a conclusion that the County breached any duty of care it may have had to Galen, or any other motorist, which led to the accident in this case. *See Goebel v. Denver & Rio Grande W.R. Co.*, 346 F.3d 987, 991 (10th Cir. 2003) (expert's method must be scientifically sound and the opinion based on facts to enable expert to reach a reasonably accurate conclusion as opposed to conjecture or speculation).

A conclusion without a factual predicate is inadmissible under Federal Rule of Evidence 702. "[N]othing in . . . the Federal Rules of Evidence requires a district court to admit opinion evidence that is connected to existing data only by the *ipse dixit* of the expert. A court may conclude that there is simply too great an analytical gap between the data and the opinion proffered." *General Electric v. Joiner*, 522 U.S. 136, 146 (1997).

Plaintiffs argue that even without Dr. Heathington's testimony, the negligence of the County is established by its failure to keep the area free from vegetation along the roadway some 50 feet prior to the stop sign; that the County was not in compliance with various local statutes and national regulations; and that because this was a private road crossing, Galen had no duty to stop at the stop sign. Response, ¶¶ 17, 18, 41, 46-50; and pages 21-22.

New Mexico law on motorists duties at railroad crossings has been long established:

> In an unbroken line of decisions, the New Mexico Supreme Court has established a course of conduct for a traveler approaching an open, unguarded railroad crossing which

---

attaches a page from the Supplemental Report indicating that the crossing does not have a sight deficiency. *See* Doc. 135-2. The Court will not consider that Report.

>requires him to stop, look and listen for trains using the tracks, and the act of looking and listening must be performed in such manner as to make it reasonably effective.

*Chicago, Rock Island and Pacific Railroad Co. v. McFarlin*, 336 F.2d 1, 2 (10th Cir. 1964), (citing, *inter alia*, *Morehead v. Atchison T.&S.F. Ry. Co.*, 201 P. 1048 (N.M. 1921), *cert. denied*, 379 U.S. 1001 (1965).

*Morehead* is still the law in New Mexico, and certain statutory provisions reiterate the duty of motorists to proceed cautiously, using due care, *i.e.*, motorists shall "proceed through the railroad-highway grade crossing only if it is safe to completely pass through the entire railroad-highway grade crossing without stopping." NMSA § 66-7-341(A)(3).

New Mexico's Uniform Jury Instructions provide that "[e]very person has a duty to exercise ordinary care for the safety of the person and the property of others." UJI 13-1604 NMRA; *see also Calkins v. The Cox Estates,*, 63, 792 P.2d 36, 40 (N.M. 1990) ("New Mexico law recognizes that there exists a duty assigned to all individuals requiring them to act reasonably under the circumstances according to the standard of conduct imposed upon them by the circumstances."). New Mexico has abolished the doctrine of negligence *per se* when the statutory provision at issue does no more than to restate common law duties. *Heath v. La Mariana Apartments*, 180 P.3d 664, 669-670 (N.M. 2008).

In this case, Galen had the duty of ordinary care, which was to stop, look, and listen at the railway crossing and then to proceed through the crossing only if it was safe to do so. The undisputed facts indicate that the crossing in question was marked as a railroad crossing; Galen was familiar with the crossing; there was a stop sign at the crossing; Galen had been instructed by his Mother to stop at the stop sign; the train sounded its whistle prior to arriving at the crossing; and Galen's car was on the railroad tracks when the train collided with the vehicle.

There is simply no evidence in this case that the County breached any duty to Galen which was a proximate cause of his death.  Plaintiffs' expert's Report does not establish any causation factors because, as even he admits, he has no factual date to support his conclusory opinion that there might be sight deficiences or that the crossing was "dangerous."  And even if there was sight impairment at 50 feet from the crossing, there is no evidence that there was sight impairment at the stop sign, which was 12 feet from the crossing and where every motorist has the duty to stop, look, and listen and proceed only when safe to do so.  The lack of evidence of any negligence on the part of the County establishes that no reasonable jury could find the County at fault and therefore, summary judgment is warranted in this case.

The Court earlier entered summary judgment in favor of Defendant Burlington Northern [Doc. 124].  Plaintiffs requested the Court to enter judgment on that order so that they could take an immediate appeal.  Due to the disposition of the claims herein, that motion is denied as moot.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that Defendant Board of County Commissioners for San Miguel County and San Miguel County's Motion for Summary Judgment [Doc. 123] is granted; and

IT IS FURTHER ORDERED that Plaintiffs' Motion to Certify Court's Order Granting Summary Judgment Under Rule 54(b) [Doc. 126] is denied as moot.

IT IS SO ORDERED.

Honorable Richard L. Puglisi
United States Magistrate Judge