IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**MAIDA HENDERSON and KEN STOLLER, M.D.,**
as Co-Personal Representatives of the Estate of
**GALEN STOLLER,** a minor child, and
**MAIDA HENDERSON,** as mother of
**GALEN STOLLER,** deceased,

    Plaintiffs,

v.                                                                    CIV 08-0298 KBM/RHS

**BOARD OF COUNTY COMMISSIONERS FOR**
**SAN MIGUEL COUNTY and SAN MIGUEL**
**COUNTY; DOES I-X,**

    Defendants.

## MEMORANDUM OPINION AND ORDER

THIS MATTER came before the Court on Plaintiffs' Motion to Conform Caption and Preclude Evidence or Argument That Any Negligence by Former Defendants Should Reduce the County Defendants' Liability (*Doc. 180*), filed September 15, 2011. Having carefully reviewed the parties' arguments and the relevant authorities, I find the motion well-taken with regard to the caption issue and will therefore grant the motion in part.

                                      **I.    BACKGROUND**

Plaintiffs brought this action on behalf of their sixteen-year-old son who was killed when an Amtrak passenger train hit his car on a county road in Rowe, New Mexico. Initially, Plaintiffs sued Amtrak and Burlington Northern & Santa Fe Railroad Corporation ("BNSF") as well as San Miguel County. After some discovery, Plaintiffs voluntarily dismissed Amtrak. *Docs. 41, 67, 81*. The remaining defendants, BNSF and San Miguel County, then filed separate summary

judgment motions.  *Docs. 93, 123*.  BNSF also filed a motion to strike Plaintiff's expert reports and sought to preclude Plaintiff's expert, Kenneth Heathington, Ph.D., P.E., from testifying at trial.  *Doc. 96*.

The Honorable Magistrate Judge Richard L. Puglisi, presiding by consent, struck Plaintiff's expert report and precluded Plaintiff's expert, Dr. Heathington, from testifying at trial. Based on the Plaintiff's resulting lack of expert testimony, Judge Puglisi granted summary judgment to Defendant BNSF.  *Doc. 124* at 8 ("Because Dr. Heathington's testimony is inadmissible, there are no facts in this case from which a jury could find negligence on the part of BNSF.").  Judge Puglisi also granted San Miguel County's motion for summary judgment, finding, in the absence of expert testimony from Dr. Heathington, there was no evidence that San Miguel County breached any duty owed.  *Doc. 149* at 5.

The Tenth Circuit reversed Judge Puglisi's decision as to San Miguel County, holding that "the analysis as to San Miguel County substantially differs" because, unlike BNSF, the County had not sought to strike Dr. Heathington's supplemental expert report.  *Doc. 163-1* (published at 412 Fed. App'x 74 (2011)).  Referring to the record, the Tenth Circuit observed that San Miguel County believed that "(1) [it] had been placed on sufficient notice of Dr. Heathington's opinions regarding San Miguel in his initial report; and (2) Dr. Heathington's supplemental report actually lent support to San Miguel's defense."  *Doc. 163-1* at 15.  Also, unlike BNSF, "San Miguel County has *admitted* its negligence," (*Doc. 163-1* at 25 (emphasis in original)).  For purposes of its motion for summary judgment and appeal only, San Miguel affirmatively stated in its briefing that it had breached its duty to maintain a safe roadway "when it failed to (1) remove vegetation on the approach to the crossing; (2) improve [the road] to

maintain a stable, level and sufficiently wide driving surface; (3) change the configuration of [the road] so the approach to the crossing did not involve multiple turns and slopes requiring driver attention; and (4) erect an advance warning sign on [the road]." *Doc. 163-1* at 23-24 (quoting San Miguel Resp. Br. at 9). Ultimately, the Tenth Circuit held that "San Miguel's assumption that it breached the duties it owed Galen means that we cannot hold as a matter of law that Galen's alleged failure to stop at the stop sign was the sole proximate cause of the accident." *Doc. 163-1* at 25.

Upon remand back to this Court from the Tenth Circuit, Plaintiffs now seek to conform the caption of this case to the Tenth Circuit's ruling, deleting Amtrak and BNSF as defendants. Plaintiffs also request a ruling that would preclude San Miguel County from arguing comparative negligence by former defendants Amtrak and BNSF. *Doc. 180*.

## II.  LEGAL STANDARD

Amtrak removed this case to federal court pursuant to 28 U.S.C. § 1349, which provides for federal jurisdiction in cases against corporations incorporated under an Act of Congress where the United States is owner of more than fifty percent (50%) of the corporation's stock. *See also Alistta v. Nat'l R.R. Passenger Corp.*, 315 F.3d 756, 758 (7th Cir. 2002) (holding that "federal courts have jurisdiction over all cases involving Amtrak, regardless of the cause of action"). This Court continues to exercise supplemental jurisdiction over Plaintiffs' state law claims, including its claims against the only remaining defendant, the County of San Miguel. *Doc. 67* at 5. As in all cases where a federal court exercises supplemental jurisdiction over state law claims, the court applies the law of the forum state. *See O'Tool v. Genmar Holdings, Inc.*, 387 F.3d 1188, 1194 (10th Cir. 2004) (citing *BancOklahoma Mortg. Corp. v. Capital Title Co.*,

194 F.3d 1089, 1103 (10th Cir. 1999)).

A.    **New Mexico Law of Comparative Fault**

Since its adoption of comparative fault principles, New Mexico has anticipated that even non-party tortfeasors would be included in any apportionment of fault. *See Bartlett v. N.M. Welding Supply, Inc.*, 98 N.M. 152, 159, 646 P.2d 579, 586 (Ct. App. 1982) (noting that "[i]t is accepted practice to include all tortfeasors in the apportionment question. This includes nonparties who may be unknown tortfeasors, phantom drivers, and persons alleged to be negligent but not liable in damages to the injured party" (internal citations omitted)), *superseded in part on other grounds by* N.M.S.A. 1978, § 41-3A-1 (1987). Indeed, New Mexico law provides it is error if a court requires a non-party to be joined before an existing party may assert comparative fault against the non-party. *Segura v. K-Mart Corp.*, 133 N.M. 192, 198, 62 P.3d 283, 289 (Ct. App. 2002) ("The court also erred when it ordered that K-Mart could not assert Keck's third-party comparative fault unless it joined Keck as a party."); *Martinez v. First Nat'l Bank of Santa Fe*, 107 N.M. 268, 270, 755 P.2d 606, 608 (Ct. App. 1987) ("Under comparative negligence, fault may be allocated between defendant and a tortfeasor not joined as a party to the action, so long as evidence is presented to establish that the absent party was negligent and fault can be distributed in proportion to the injury caused by the act of each joint tortfeasor."); *Wilson v. Gillis*, 105 N.M. 259, 261, 731 P.2d 955, 957 (Ct. App. 1996) ("The question implicitly raised by this appeal is whether . . . [a] defendant must raise the *Bartlett* defense by impleading non-parties who may be liable for all or a portion of (the) plaintiff's claim. The answer to this question is no.").

**B.     Federal Rules Pertaining to Expert Disclosures**

Parties are required to disclose the identity of any expert witnesses they may use at trial, including a written report that contains "a complete statement of all opinions the witness will express and the basis and reasons for them." FED. R. CIV. P. 26(a)(2).  A party's failure to make the required disclosures may result in sanctions, including "prohibiting the disobedient party . . . from introducing designated matters in evidence." FED. R. CIV. P. 37(c)(1)(C) and 37(b)(2)(A)(ii).

The Tenth Circuit upheld Judge Puglisi's decision to exclude Dr. Heathington's report in the case against BNSF, holding that "the district court rationally concluded that a 'supplemental' report that adds approximately 180 pages of additional information to a sixteen page report 'eight days before the discovery deadline, six months after the Rule 26 deadline, and on the same date that BNSF moved for summary judgment' and just more than one month before all dispositive motions were due would prejudice BNSF and disrupt the litigation." *Doc. 163-1* at 15. However, the Tenth Circuit recognized that the factors relevant to Plaintiffs' use of Dr. Heathington's report in continuing litigation against San Miguel County were entirely different.

> The new trial schedule necessitated by this appeal's outcome combined with the County's repeated belief that the February report's untimely submission was harmless significantly alter the *Jacobsen* calculus.  Trial is no longer imminent because we are remanding this case for further proceedings.  Upon remand, the district court could allow more time for discovery without disrupting the trial schedule. *Jacobsen [v. Deseret Book Co.]*, 287 F.3d [936,] 954 [(10th Cir. 2002)].  Or, it could find that the Rule 26(a) violation remains neither justified nor harmless.  But given the change in circumstances this opinion works, we leave that determination for the district court.

*Doc. 163-1* at 16.

### III. ANALYSIS

Upon review of the circumstances, and in line with the Tenth Circuit's opinion on appeal, I find that Plaintiffs should be permitted to introduce Dr. Heathington's report at trial in this matter. Not only did San Miguel County never seek to strike that report, but, as the Tenth Circuit noted, the *Jacobsen* calculus is different on remand.

To begin with, there is no doubt that Dr. Heathington's 180-page supplement was untimely under Rule 26(a). "[A] district court can allow evidence violating Rule 26(a) only if the violation was justified or harmless." *Jacobsen*, 287 F.3d at 953. Guiding the court's determination of harmlessness and/or justification are the following *Jacobsen* factors: "(1) the prejudice or surprise to the party against whom the testimony is offered; (2) the ability of the party to cure the prejudice; (3) the extent to which introducing such testimony would disrupt the trial; and (4) the moving party's bad faith or willfulness." *Id.*

Based on San Miguel County's own words, there is no prejudice or surprise resulting from the admission of Dr. Heathington's supplemental report. *See Doc. 163-1* at 15-16 (quoting San Miguel County's Response Brief, which states that it did not move to strike the supplement because "it believed (1) . . . San Miguel had been placed on sufficient notice of Dr. Heathington's opinions regarding San Miguel in his initial report; and (2) Dr. Heathington's supplemental report actually lent support to San Miguel's defense"). Plaintiffs therefore have nothing to cure, and there is no resulting disruption. Finally, although I agree with Judge Puglisi that Plaintiffs displayed a "complete lack of diligence" and "utter lack of regard to the deadlines," I cannot conclude based upon the record before me that Plaintiffs acted willfully or in bad faith. Accordingly, none of the *Jacobsen* factors counsels me to find that Dr. Heathington's

6

supplemental report should be excluded.

Given Plaintiffs' likely use of Dr. Heathington's opinions as stated in his supplemental report, these opinions, including those relating to liability on the part of non-parties such as BNSF and/or Amtrak, are an available basis upon which to potentially impeach Dr. Heathington, should he testify at trial. *See* Fed. R. Evid. 613. In the event that Dr. Heathington remains Plaintiffs' expert for trial in this matter, San Miguel County need not name him as its own expert in order for his opinions to be fully disclosed to a jury. Regardless whether Dr. Heathington testifies for Plaintiffs, I will not preclude San Miguel County from arguing comparative fault at trial on the limited grounds that Plaintiffs present.

Wherefore,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion to Conform Caption and Preclude Evidence or Argument That Any Negligence by Former Defendants Should Reduce the County Defendants' Liability *(Doc. 180)*, is granted in part. The caption shall hereby be amended to read as indicated on this Memorandum Opinion and Order. In all other respects, Plaintiffs' Motion is denied.

_____
UNITED STATES CHIEF MAGISTRATE JUDGE